1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10
11

BURT ANTHONY LOOKADOO,

Case No. CV 15-04016 AG (AFM)

12

Plaintiff,

**ORDER DISMISSING FIRST
AMENDED COMPLAINT WITH
LEAVE TO AMEND**

13

v.

14
15

LOS ANGELES COUNTY
SHERIFF'S DEPARTMENT, et al.,

16

Defendants.

17
18

On May 28, 2015, plaintiff filed a *pro se* civil rights action pursuant to 42

19

U.S.C. § 1983.   Plaintiff subsequently was granted leave to proceed without

20

prepayment of the full filing fee.[1]   On September 1, 2015, defendant Los Angeles

21

County Sheriff's Department filed a Motion to Dismiss ("Motion") pursuant to Fed.

22

R. Civ. P. 12(b)(6).   Rather than filing opposition to the Motion, on October 8,

23

2015, plaintiff sought leave of Court to file an amended complaint.   On October 16,

24

2015, the Court granted plaintiff's request, denied defendant's Motion as moot, and

25

ordered plaintiff to file a first amended complaint within thirty days.   Following an

26
27
28

[1]   By Order of the Chief Magistrate Judge, this case was transferred to the
calendar of the below Magistrate Judge on July 20, 2015.

extension of time, plaintiff filed a First Amended Complaint ("FAC") on February 1, 2016. (Docket No. 23.)

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court now has screened the FAC prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

The Court's screening of the FAC under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (in determining whether a complaint should be dismissed under the PLRA, courts apply the standard of Fed. R. Civ. P. 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The Supreme Court has held, however, that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the

speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation"), *cert. denied*, 132 S. Ct. 2101 (2012).

After careful review and consideration of the FAC under the foregoing standards, the Court finds that plaintiff's allegations appear insufficient to state any claim on which relief may be granted. Because it is not clear to the Court that plaintiff will not be able to remedy the deficiencies in his claims by amendment, the FAC is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

If plaintiff desires to pursue this action, he is ORDERED to file a Second Amended Complaint no later than **March 7, 2016**, remedying the deficiencies discussed below. Further, plaintiff is admonished that, if he fails to timely file a Second Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[2]

_____

[2]   Plaintiff is advised that this Court's determination herein that the allegations in the FAC are insufficient to state a particular claim should not be seen as dispositive

3

# I.   DISCUSSION

## A.   The allegations of the FAC fail to comply with the pleading requirements of Federal Rule of Civil Procedure 8.

Plaintiff's FAC fails to comply with Federal Rules of Civil Procedure 8(a) and 8(d).  Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added).   Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct.  No technical form is required."  Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.  *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them).  If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory

---

of that claim.  Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your FAC, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action.  However, if you decide to pursue a claim in a Second Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

First, irrespective of his *pro se* status, plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"); L.R. 1-3. Pursuant to Fed. R. Civ. P. 10, the caption of the pleading must include all defendants listed in the body of the pleading. Here, the caption of plaintiff's FAC names as defendant only the Los Angeles County Sheriff's Department. The body of the FAC, however, names 26 defendants. Further, pursuant to L.R. 15-2, each amended pleading must be a complete document, including exhibits, and must not refer to other pleadings. Plaintiff's FAC, however, directs the Court to look back to the Complaint and "use originally filed exhibits in support" of the FAC. (FAC at 20, 32, 41.) If plaintiff decides to pursue this action, he must raise all of his claims in a Second Amended Complaint that is complete, without reference to any other pleading.[3]

In addition, plaintiff's FAC purports to raise only three claims (*see* FAC at 12, 21, 33), but within each "claim," he references numerous legal grounds and appears to include multiple separate claims arising from a variety of different factual allegations. For example, in his "Claim I," plaintiff lists the following

---

[3] Plaintiff also directs the Court to an "incident report" that is "on file with the Los Angeles County Sheriff's Department (FAC at 35-36), but in determining whether a pleading states a claim to relief, the Court is limited to evaluating the sufficiency of a pleading's factual allegations and the exhibits attached to the pleading.

grounds: "intentional afflication [sic] of emotional distress"; the "American Disability [sic] Act"; the Eighth Amendment's Cruel and Unusual Punishment clause; deliberate indifference to a known risk of harm to plaintiff; the Sixth Amendment right of self-representation under *Faretta v. California*, 422 U.S. 806 (1975); intentional interference with plaintiff's access to the court; 42 U.S.C. §§ 1981, 1983, and 1985; retaliation; the First and Fourteenth Amendments; conspiracy; "threats, intimidation, and coercion under Cal. Civil Code § 52.1"; and plaintiff's due process rights.  (*Id.* at 12.)  In addition, it appears that plaintiff is purporting to raise multiple separate sub-claims against different defendants within his "Claim I."  Plaintiff first sets forth factual allegations beginning in December 2013, against defendant "Custody Assistant Don Hinton" concerning plaintiff's access to legal materials and access to the phone (FAC at 12-14), he then sets forth allegations against defendant Deputy Branch concerning his lack of access to the law library and phones, and against defendant Deputy Gonzalez pertaining to plaintiff's placement in a "non[-]functional shower with no food water or bathroom for 2 ½ hours out of retaliation" and a later placement for 1 ½ hours in a "cage" without "a functioning computer" at the law library, also out of retaliation.  (*Id.* at 15-16.)  Later in this same "Claim I," plaintiff sets forth factual allegations against seven other defendants concerning various incidents between July 2014 and July 2015.  (*Id.* at 16-20.)  It does not appear to the Court that all of these defendants are alleged to have violated the same federal civil right based on the same theory of relief or arising from the same set of factual allegations.

In his "Claim II," plaintiff sets forth a similarly long list of legal grounds. (FAC at 21.)  He then sets forth factual allegations against: (1) Deputy Manaya and Deputy Beck for denying plaintiff access to the law library at least fifteen times, allegedly in retaliation for "numerous complaints" plaintiff filed against the deputies; (2) Custody Assistant Morcos for leaving plaintiff for three hours and refusing to provide a hot meal; (3) Deputy Barlow for placing plaintiff in a cell

without running water for four days, out of retaliation for an unspecified complaint that plaintiff filed, and later, of revoking plaintiff's "pro-per rights"; (4) Sergeant Crozco for refusing to provide running water while plaintiff was confined in the cell without water, and also for interfering with plaintiff's access to the courts and legal materials; (5) Sergeant Magdalik for denying plaintiff access to the courts, law library, legal materials, and telephones, and by arriving two hours late on two occasions to transport plaintiff from the law library; defendant Magdalik also allegedly searched plaintiff's cell on November 17, 2014, in violation of prison regulations, and destroyed plaintiff's personal property and legal materials; (6) Sergeant Lee for arriving two to four hours late on multiple occasions to transport plaintiff from the law library; on one occasion when plaintiff complained, Lee told him, "That's what you get for writing complaints against me"; Lee also allegedly searched plaintiff's cell on November 20, 2014, and items were lost; (7) an unnamed Sheriff's Department employee assaulted plaintiff; (8) Deputy Candelaria, who was instructed by defendant Lee to write a false incident report and also left plaintiff at the Law Library past his scheduled time for 2 ½ hours with no access to a bathroom; (9) Sergeant Bowman, who visited plaintiff on March 21, 2015, and threated plaintiff that, if he did not drop all complaints plaintiff had filed against Los Angeles County Sheriff's Department employees, plaintiff would remain in disciplinary housing; and (10) Deputy Saavedra, who "swang [sic] twice at plaintiff . . . with clenched fists knocking plaintiff's food out of his hands and to the floor," and threw plaintiff's legal papers to the floor.  (*Id.* at 21-32.)

In his "Claim III," plaintiff once again lists multiple legal grounds (*id.* at 33, 38) and then alleges that defendants Velasquez, Cruz, and Thomas failed to take action to intervene to provide plaintiff access to the courts; that defendant King failed to investigate the "unanswered complaints pertaining to Los Angeles County Sheriff's Department" and failed to "train and supervise" other defendants; that Sheriff McDonnell and the Los Angeles County Sheriff's Department "allowed"

the violations of plaintiff's rights, and that all defendants in the other claims acted "under a deliberate policy, custom and practice of the Los Angeles County Sheriff's Department." (*Id.* at 33-38.)   Sheriff McDonnell also is alleged to have been negligent in supervising, training, and hiring all defendants. (*Id.* at 39.)   In addition, in his "Claim III," plaintiff alleges that he suffers "from a severe mental disorder and has been prescribed psycho-tropic medication."  This factual allegation appears to be relevant to the fact that plaintiff is suffering from "extreme stress caused by the acts and omissions of the Los Angeles County Sheriff's Department," but it is unclear to the Court whether plaintiff is intending to allege any federal civil rights claim arising from his mental disorder or prescribed medication. (*Id.* at 40.) Finally, at the conclusion of his "Claim III," plaintiff states that "All defendants numbered (1) through (26) in Claims I, II, and III, are sued in their individual and official capacity for the deprivation of plaintiff's civil rights." (*Id.* at 41.)

Accordingly, although plaintiff's FAC purports to raise only three "claims," each "claim" includes numerous legal grounds and sets forth factual allegations against individual defendants that appear to pertain to separate incidents.  Plaintiff then appears to indicate that he is intending to allege each "claim" against all 26 named defendants, but the FAC does not set forth factual allegations against of the defendants in each of the "claims."   In addition, to the extent that plaintiff is purporting to allege any federal civil rights claims against any defendant arising from any defendant's alleged violation of state law or jail regulations, a defendant's alleged failure to comply with state law or prison regulations simply does not give rise to a federal civil rights claim.  Rather, in order to state a federal civil rights claim against a particular defendant for violation of his civil rights, plaintiff must allege that the defendant, while acting under color of state law, deprived him of a right guaranteed under the United States Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Karim-Panahi*, 839 F.2d at 624.  "A person deprives another 'of a constitutional right, within the meaning of § 1983, if he does

an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiffs complain].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis in original)).  Here, plaintiff fails to allege that each defendant took an affirmative act, participate in another's act, or omitted to perform an act that he or she was legally required to do that caused each of the civil rights claims that plaintiff is purporting to raise.

Further, plaintiff appears to be alleging that Sheriff McDonnell is responsible for the alleged civil rights violations either because he manages the Los Angeles County jail facilities or because the defendants "acted under a deliberate policy, custom and practice of the Los Angeles County Sheriff's Department" that was the "motivating force behind the constitutional and civil rights violations." (FAC at 37-38.)  Plaintiff, however, does not point to any policy, custom, or practice that any defendant followed in the course of the alleged violations.   Rather, plaintiff generally alleges the Sheriff McDonnell failed to answer or investigate plaintiff's numerous grievances that he filed.  (*Id.* at 39.)  A prisoner, however, has no constitutional right to an effective grievance or appeal procedure.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  Further, the guarantee of procedural due process under the Fourteenth Amendment applies only when a constitutionally protected liberty or property interest is at stake.  *See Ingraham v. Wright*, 430 U.S. 651, 672 (1977); *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).  An administrative appeal system does not implicate a liberty interest protected by the Due Process Clause.  *See, e.g., Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  To the extent that plaintiff wishes to allege a separate claim against any defendant for failure to follow a required jail procedure in connection with the appeal process, plaintiff should set forth a short and plain statement of any such claim.  *See, e.g,.*

*Peralta v. Dillard*, 744 F.3d 1076, 1087 (9th Cir. 2013) (en banc) (defendant's "failure to follow required procedure for inmate appeals "isn't, of itself, enough to establish a violation of [prisoner's] constitutional rights," the prisoner mush show both that the failure "put inmates at risk" and that the defendant "*actually knew* that his actions put inmates at risk" (emphasis in original)), *cert. denied*, 135 S. Ct. 946 (2015).  Further, to the extent plaintiff is purporting to hold Sheriff McDonnell liable solely on the basis of his supervisory role, supervisory personnel generally are not liable under 42 U.S.C. § 1983 on any theory of respondeat superior.  *See, e.g., Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).   In *Iqbal*, 556 U.S. at 676, the Supreme Court reaffirmed that: "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior liability."   In addition, in order to premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation.  *See, e.g., City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).  Here, to the extent that plaintiff wishes to allege that his constitutional injuries were caused by a particular policy promulgated by Sheriff McDonnell, he should set forth a simple and concise statement of such claim in a Second Amended Complaint.

For these reasons, it is altogether unclear to the Court the number of federal civil rights claims plaintiff is purporting to raise, which defendants he seeks to raise what claims against, and what the legal and factual basis of each of plaintiff's claims may be.  The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the FAC liberally and must afford him the benefit of any doubt.  *See Karim-Panahi*, 839 F.2d at 623.  Additionally, it is particularly important in a civil rights case filed by a *pro se* detainee or inmate to attempt to ascertain plaintiff's claims to protect his access to the courts.  *See*

*Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (the rule that courts liberally construe filings by pro se litigants, especially in civil rights cases filed by prisoners, "relieves pro se litigants from the strict application of procedural rules"); *Pouncil v. Tilton*, 704 F.3d 568, 575-76 (9th Cir. 2012) (the rule of liberal construction "protects the rights of *pro se* litigants to self-representation and meaningful access to the courts"), *cert. denied*, 134 S. Ct. 76 (2013); *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because a plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original).  That said, the Supreme Court has made it clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("courts should not have to serve as advocates for *pro se* litigants").  Although plaintiff need not set forth detailed factual allegations, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555-56).  Additionally, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).

In its present form, it would be extremely difficult for each defendant to discern what specific facts or legal theories apply to which potential claim or claims against them, and, as a result, it would be extremely difficult for each defendant to formulate applicable defenses.  The Court therefore finds that the FAC fails to comply with Rule 8.

///

///

///

///

**B.**   **The factual allegations in the FAC appear insufficient to state a claim for denial of access to the courts.**

"It is now established beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). In order for plaintiff to state a claim for denial of access to the courts, however, plaintiff must show that he suffered an "actual injury" as a result of the defendants' actions. *See Lewis v. Casey*, 518 U.S. 343, 354-55 (1996). Further, in order to establish an "actual injury," an "inmate must show that official acts or omissions 'hindered his efforts to pursue a [non-frivolous] legal claim.'" *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009) (quoting *Lewis*, 518 U.S. at 351 (alteration in original)). The right of access to the courts is limited to "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. As the Ninth Circuit has noted, the Supreme Court has "made clear" that prisoners are guaranteed "no particular methodology, but rather the conferral of a capability -- the capability of bringing contemplated challenges." *Phillips*, 588 F.3d at 655. Moreover, *Bounds* requires only that jail or prison officials provide resources adequate to "meet minimum constitutional standards sufficient to provide meaningful, though perhaps not 'ideal,' access to the courts." *Id.* at 656 (citing *Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 856 (9th Cir. 1985)).

Here, plaintiff's FAC alleges in multiple places that various defendants interfered with plaintiff's access to the courts, but he does not allege that an action of any defendant caused an "actual injury." Further, although plaintiff alleges that he was forced to proceed "with his preliminary hearing" "unprepared," "due to the legal negligence of" defendant Hinton, he fails to allege how Hinton's "negligence" in providing "legal materials" "hindered" plaintiff's ability to pursue his pending criminal case. (FAC at 12-14.) As the Ninth Circuit has held, jail officials are not constitutionally compelled to provide "ideal" access to the courts, and plaintiff's allegations of limited access to phones, law libraries and legal materials are

insufficient to satisfy the "actual injury" requirement.  Rather, in order to state an adequate claim for denial of access to the courts, plaintiff must set forth factual allegations that he suffered "actual prejudice to contemplated or existing litigation, such as "the inability to meet a filing deadline or to present a claim." *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011).

### C.   The factual allegations in the FAC appear insufficient to state any claim for retaliation.

An action taken in retaliation for the exercise of a First Amendment right is actionable under § 1983.  *See Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).  Filing a grievance with prison officials is a protected activity under the First Amendment.  *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009); *Hines*, 108 F.3d at 267-68.  As the Ninth Circuit set forth in *Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012) (alterations and emphasis in original), a prisoner's retaliation claim has five elements:

> First, the plaintiff must allege that the retaliated-against conduct is protected.  The filing of an inmate grievance is protected conduct.  *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).   Second, the plaintiff must claim the defendant took adverse action against the plaintiff.  *Id.* at 567.  The adverse action need not be an independent constitutional violation.  *Pratt*, 65 F.3d at 806.  "[T]he mere threat of harm can be an adverse action ..." *Brodheim*, 584 F.3d at 1270.  [¶]  Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct.  Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal.  *See Pratt*, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); *Murphy v. Lane*, 833 F.2d 106, 108-09 (7th Cir. 1987).  [¶]  Fourth, the plaintiff must

allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Robinson*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. *Id.* at 569. [¶] Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution …" *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, *id.*, or that they were "unnecessary to the maintenance of order in the institution," *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984).

Here, it appears to the Court that plaintiff's factual allegations are insufficient to plead a causal connection between any specific adverse action taken by any specific defendant and any protected conduct by plaintiff. Although plaintiff alleges that he filed numerous grievances that were not answered or investigated, plaintiff fails to set forth a simple, concise, and direct statement of each claimed retaliatory action, and the alleged causal connection between any adverse action and any specific protected conduct is thus unclear.

To the extent that plaintiff is purporting to allege that any specific defendant acted in retaliation against plaintiff because of specific conduct that is constitutionally protected, plaintiff should set forth a short and plain statement of each such purported claim for retaliation.

\*\*\*\*\*\*\*\*\*\*\*\*

**If plaintiff still desires to pursue this action, he is ORDERED to file a Second Amended Complaint no later than March 7, 2016**, remedying the

pleading deficiencies discussed above.  The Second Amended Complaint should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original Complaint, the First Amended Complaint, or any other pleading, exhibit, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize.  Plaintiff is admonished that, if he desires to pursue this action, he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a Second Amended Complaint.

**Plaintiff is further admonished that, if he fails to timely file a Second Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).  The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.


DATED:  February 4, 2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

15