1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11 | BURT ANTHONY LOOKADOO,

Case No. CV 15-04016 AG (AFM)

12 |         Plaintiff,

**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND**

13 |    v.

14
15 | LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, et al.,

16 |         Defendants.

17

18      On May 28, 2015, plaintiff filed a *pro se* civil rights action pursuant to 42

19 U.S.C. § 1983.   Plaintiff subsequently was granted leave to proceed without

20 prepayment of the full filing fee.[1]  On September 1, 2015, defendant Los Angeles

21 County Sheriff's Department filed a Motion to Dismiss ("Motion") pursuant to Fed.

22 R. Civ. P. 12(b)(6).   Rather than filing opposition to the Motion, on October 8,

23 2015, plaintiff sought leave of Court to file an amended complaint.  On October 16,

24 2015, the Court granted plaintiff's request, denied defendant's Motion as moot, and

25 ordered plaintiff to file a first amended complaint within thirty days.  Following an

26
27
28

---

[1]    By Order of the Chief Magistrate Judge, this case was transferred to the calendar of the below Magistrate Judge on July 20, 2015.

1  extension of time, plaintiff filed a First Amended Complaint ("FAC") on
2  February 1, 2016.  (Docket No. 23.)

3      In accordance with the terms of the "Prison Litigation Reform Act of 1995"
4  ("PLRA"), the Court screened the FAC prior to ordering service for purposes of
5  determining whether the action is frivolous or malicious; or fails to state a claim on
6  which relief may be granted; or seeks monetary relief against a defendant who is
7  immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C.
8  § 1997e(c)(1).  After careful review and consideration of the FAC, the Court found
9  that plaintiff's allegations appeared insufficient to state any federal civil rights
10  claim on which relief may be granted.  Accordingly, the FAC was dismissed with
11  leave to amend, and plaintiff was ordered, if he wished to pursue this action, to file
12  a Second Amended Complaint no later than March 7, 2016, remedying the
13  deficiencies in the FAC.  Further, plaintiff was admonished that, if he failed to
14  timely file a Second Amended Complaint, or failed to remedy the deficiencies of
15  the pleading as discussed in the Court's Order, the Court would recommend that
16  this action be dismissed without leave to amend and with prejudice.  (*See* Doc. No.
17  24, "Court's Order.")

18      On March 3, 2016, plaintiff filed a Second Amended Complaint ("SAC")
19  (Doc. No. 28) accompanied by 123 pages of exhibits (Doc. No. 32).[2]

20

21

_____

22  [2]   The SAC also was accompanied by a "Motion to File Second Amended
23  Complaint" (Doc. No. 26) and a "Memorandum of Points and Authorities in
   Support" (Doc. No. 30), which appear to seek leave of Court to file the SAC.  In a
24  separate Minute Order on March 9, 2016, the Court denied plaintiff's "motion" as
25  moot because the Court's Order Dismissing First Amended Complaint With Leave
   to Amend allowed plaintiff to file an amended pleading.  Further, plaintiff's SAC
26  directs the Court to the separate Memorandum of Points and Authorities in Support.
27  (*See* SAC at 22, 30, 40, 47.)  However, in determining whether a pleading states a
   claim to relief, the Court is limited to evaluating the sufficiency of a pleading's
28  factual allegations and the exhibits attached to that pleading.

Once again, in accordance with the PLRA, the Court has screened the SAC. The Court's screening of the SAC under the foregoing statutes is governed by the following standards.  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (in determining whether a complaint should be dismissed under the PLRA, courts apply the standard of Fed. R. Civ. P. 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff.  *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt.  *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  The Supreme Court has held, however, that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation"), *cert. denied*, 132 S. Ct. 2101 (2012).

After careful review and consideration of the SAC under the foregoing standards, the Court finds that plaintiff's allegations remain insufficient to state any federal civil rights claim on which relief may be granted.  Plaintiff has been provided with three opportunities to state a claim on which relief may be granted, and he has been apprised of the deficiencies in his claims in the detailed Order dismissing the FAC with leave to amend.  (*See* Doc. No. 24.)  Plaintiff's SAC, however, continues to set forth the same or similar claims against an identical list of 26 defendants without having cured the deficiencies in his FAC as set forth in the Court's Order.  However, because plaintiff is a prisoner proceeding *pro se*, the Court will provide him with one additional opportunity to cure the deficiencies of his federal civil rights claims by amendment.  Accordingly, the SAC is dismissed with leave to amend.  *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff still desires to pursue this action, he is ORDERED to file a Third Amended Complaint no later than April 29, 2016, remedying the deficiencies discussed below.**  Further, plaintiff is admonished that, if he fails to timely file a Third Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[3]

---

[3]   Plaintiff is advised that this Court's determination herein that the allegations in the Second Amended Complaint are insufficient to state a particular claim should

**A.**     **<u>The allegations of the SAC once again fail to comply with the pleading</u>**
**<u>requirements of Federal Rule of Civil Procedure 8</u>.**

Plaintiff's SAC still fails to comply with Federal Rules of Civil Procedure 8(a) and 8(d).  Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added).   Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct.  No technical form is required."  Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.  *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them).   If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule

---

not be seen as dispositive of that claim.  Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your Second Amended Complaint, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a Third Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

8. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Plaintiff's SAC purports to raise only four claims (*see* SAC at 12, 24, 32, 42), but within his "Claim I," plaintiff appears to be attempting to raise claims for retaliation, interference with plaintiff's access to the Courts, the conditions of his confinement, a failure to protect, violation of plaintiff's due process rights, failure to address plaintiff's grievances, and a claim against the County pursuant to *Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658 (1978). (*See* SAC at 12-13, 16-19, 23.) Further, plaintiff's factual allegations within this one "claim" include allegations that he was left in a "shower for 2 ½ hours with no food or water" or in an "obsolete shower infested with urine and feecle [sic] matter"; the actions of defendants were taken to "hinder" plaintiff from meeting court deadlines; several defendants at different times denied plaintiff access to the inmate law library; various defendants "made threats" to plaintiff because of grievances that plaintiff had filed; various defendants were late to escort plaintiff to, or back from, the law library; some defendants on occasion failed to provide plaintiff with a hot meal; defendant Hinton failed to produce needed legal forms and legal materials "out of retaliation as to hinder [plaintiff] from meeting court deadlines" (*id.* at 12); Deputy Velasquez "was intentionally negligent with providing legal assistance to plaintiff while plaintiff was acting *pro se* in a Superior Court case"; and, as a result of Velasquez' "negligence," a federal civil rights case was "dismissed," and plaintiff had to "refile" the action. (*Id.* at 12-20.) Further, plaintiff alleges that he was

forced to move from one facility to another as retaliation for 42 internal complaints that plaintiff had filed against various Sheriff Department "officers, deputies, and the Legal Department" and also as a "tactic" to prevent plaintiff "from filing inmate grievances." (*Id.* at 15.)  It remains entirely unclear to the Court how the various factual allegations in plaintiff's "Claim I" pertain to the legal theories that plaintiff references within this one claim.  Moreover, even if plaintiff's Claim I is construed as raising only a claim of retaliation, plaintiff appears to raise this claim against all 26 defendants.  However, as discussed below, plaintiff's general allegations -- such as that he filed "several grievances against the MCI Legal Unit" (*id.* at 12) -- are insufficient to raise a reasonable inference that each named defendant took the numerous adverse actions alleged in "Claim I" **because of** the "approximately 42 inmate grievances" that plaintiff filed.  (*See id.* at 20.)  Facts that are "merely consistent with a defendant's liability" stop short of stating a plausible claim. *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

Plaintiff's "Claim II," appears to raise claims pursuant to § 1983, provisions of California Civil Code, the First Amendment, the Due Process Clause of the Fourteenth Amendment, as well as another *Monell* claim against the Sheriff's Department.  (SAC at 24.)  Plaintiff alleges that 23 of the defendants "interfered with" his civil rights by "threats, intimidation and coercion," but he does not reference any factual allegations in connection with this claim.  (*Id.* at 24-30.)  To the extent that Claim II arises from the factual allegations set forth in Claim I, allegations of threats or verbal harassment do not give rise to a federal civil rights claim. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998) (verbal harassment is not cognizable as a constitutional deprivation under §1983); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment or abuse is not constitutional deprivation under § 1983); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (prison guards' threat of bodily harm failed to state a claim under §1983).  Nor are plaintiff's conclusory allegations

7

that each defendant named in his "Claim II" "intentionally interfered with [plaintiff's] civil rights by improper means of threats, intimidation and coercion as to chill and silence me from filing grievances against him" (SAC at 24-30) sufficient to allege that any specific defendant took an affirmative act, participated in the action of another, or failed to perform an act that he or she was legally required to do that *caused* a constitutional deprivation.  In order to state a federal civil rights claim against a particular defendant for violation of his civil rights under § 1983, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the United States Constitution or a federal statute.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Karim-Panahi*, 839 F.2d at 624.  "A person deprives another 'of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiffs complain].'"  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis in original)).

Once again, in his "Claim III," plaintiff references the Due Process Clause, "Cruel and Unusual Punishment," the intentional infliction of emotional distress, retaliation, threats, intimidation, coercion, and *Monell*.  Plaintiff does not set forth any factual allegations in connection with this claim.  Rather, he merely alleges that 23 defendants "intentionally inflicted emotional distress stemming from threats, coercion, intimidation, and retaliation." (*Id.* at 32-40.)  Such conclusory allegations are not entitled to a presumption of truth in determining whether plaintiff's SAC alleges any claim that is plausible.  *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) ("a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible").

8

Finally, in his "Claim IV," plaintiff references § 1983, "Criminal Law," deliberate indifference, inadequate supervision and training, the Due Process Clause, and *Monell*.   Within this claim, however, plaintiff merely raises the conclusory allegation that the "constitutional injuries would have been avoided had" the Los Angeles County Sheriff's Department "properly trained" the Department's officers, deputies and employees.  (SAC at 42, 48.)  The Court finds this allegation to be entirely insufficient to state a claim because it is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).

Accordingly, as the Court apprised plaintiff in its Order dismissing the FAC, each of plaintiff's "claims" appears to raise multiple potential claims, which appear to overlap significantly with his other "claims."  In addition, it appears to the Court that plaintiff is purporting to raise claims against Sheriff McDonnell and other supervisory defendants based on an allegation that the deputies and other employees were acting pursuant to a Los Angeles County Sheriff Department policy that requires deputies "to ensure [plaintiff's] safety" or that requires protection of plaintiff's safety while he is in their custody.  (*See, e.g.*, SAC at 12.) To the extent that plaintiff is purporting to raise a claim pursuant to *Monell*, however, plaintiff's factual allegations remain insufficient to show that any **specific** policy of the Los Angeles Sheriff's Department was the "**actionable cause**" of a specific constitutional violation.  *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation.").

Similarly, to the extent that plaintiff is purporting to hold Sheriff McDonnell, or any other supervisory defendant, liable solely on the basis of his supervisory role, supervisory personnel generally are not liable under 42 U.S.C. § 1983 on any

theory of respondeat superior.  *See, e.g., Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  In *Iqbal*, 556 U.S. at 676, the Supreme Court reaffirmed that: "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior liability."  Here, because plaintiff fails to identify a specific policy promulgated by a specific defendant, his SAC fails to establish a "direct causal link" between any policy and any constitutional deprivation.  *See, e.g., City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

Finally, it appears that plaintiff may be purporting to allege a civil rights claim arising from his allegations that defendants failed to answer or investigate the numerous grievances that he filed.  A prisoner, however, has no constitutional right to an effective grievance or appeal procedure.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  In addition, the guarantee of procedural due process under the Fourteenth Amendment applies only when a constitutionally protected liberty or property interest is at stake.  *See Ingraham v. Wright*, 430 U.S. 651, 672 (1977); *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).  An administrative appeal system does not implicate a liberty interest protected by the Due Process Clause. *See, e.g., Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  Here, plaintiff fails to set forth a short and plain statement alleging that any defendant knew that his or her failure to adequately resolve plaintiff's grievances placed plaintiff at any risk.  *See, e.g,. Peralta v. Dillard*, 744 F.3d 1076, 1087 (9th Cir. 2014) (en banc) (defendant's "failure to follow required procedure for inmate appeals "isn't, of itself, enough to establish a violation of [prisoner's] constitutional rights," the prisoner must show both that the failure "put inmates at risk" and that the defendant "*actually knew* that his actions put inmates at risk" (emphasis in original)), *cert. denied*, 135 S. Ct. 946 (2015).

For these reasons, it remains altogether unclear to the Court the number of federal civil rights claims plaintiff is purporting to raise, which defendants he seeks to raise what claims against, and what the legal and factual basis of each of plaintiff's claims may be. Accordingly, the SAC fails to meet the minimal requirement that a complaint allow defendants to discern "what [they] are being sued for." *McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the SAC liberally and must afford him the benefit of any doubt. *See Karim-Panahi*, 839 F.2d at 623. Additionally, it is particularly important in a civil rights case filed by a *pro se* detainee or inmate to attempt to ascertain plaintiff's claims to protect his access to the courts. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (the rule that courts liberally construe filings by pro se litigants, especially in civil rights cases filed by prisoners, "relieves pro se litigants from the strict application of procedural rules"); *Pouncil v. Tilton*, 704 F.3d 568, 575-76 (9th Cir. 2012) (the rule of liberal construction "protects the rights of *pro se* litigants to self-representation and meaningful access to the courts"), *cert. denied*, 134 S. Ct. 76 (2013); *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because a plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). That said, the Supreme Court has made it clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("courts should not have to serve as advocates for *pro se* litigants"). Although plaintiff need not set forth detailed factual allegations, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555-56).

Here, plaintiff fails to set forth a sufficient factual basis for each claim to give fair notice to each of the 26 defendants how he or she is alleged to have taken an affirmative act, participated in another's act, or omitted to perform an act that he or she was legally required to do that **caused** each of the civil rights claims that plaintiff is purporting to raise. As the Ninth Circuit has emphasized, in the determination of whether a pleading's allegations are sufficient to state a claim, the factual allegations, assumed to be true, "must plausibly suggest an entitlement to relief, such that it not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. Here, plaintiff's factual allegations concern 26 defendants, 42 grievances, and numerous adverse actions alleged to have taken place between July 2014 and March 2015. (*See* SAC at 15, 20-21.) Because plaintiff fails to clearly and plausibly allege a causal relationship between specific grievances and the specific adverse actions, it would be unfair to require all 26 defendants to comb through the 48 page-SAC and the accompanying 123 pages of exhibits to discern what specific facts or legal theories apply to which potential claim or claims against them.

Although the Court also is mindful that plaintiff's complaint should not be dismissed for stating an imperfect statement of the legal theory supporting each claim, *Johnson*, 135 S. Ct. at 347, plaintiff must set forth sufficient facts to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Here, after making a diligent attempt to understand plaintiff's factual allegations to determine if they plausibly suggest that a specific defendant violated an identifiable federal constitutional right, the Court finds that plaintiff's SAC still does not comply with Rule 8 because: (a) it does not contain a "short and plain statement" of plaintiff's claims showing that he is entitled to relief, and (b) its allegations remain insufficient to meet plaintiff's threshold requirement of providing each defendant with fair notice of his or her allegedly wrongful acts.

**B.**     <u>The factual allegations in the SAC remain insufficient to state a claim for</u> <u>denial of access to the courts.</u>

"It is now established beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  In order for plaintiff to state a claim for denial of access to the courts, however, plaintiff must show that he suffered an "actual injury" as a result of the defendants' actions.  *See Lewis v. Casey*, 518 U.S. 343, 354-55 (1996).  Further, in order to establish an "actual injury," an "inmate must show that official acts or omissions 'hindered his efforts to pursue a [non-frivolous] legal claim.'"  *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009) (quoting *Lewis*, 518 U.S. at 351 (alteration in original)).  The right of access to the courts is limited to "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  *Lewis*, 518 U.S. at 356.  As the Ninth Circuit has noted, the Supreme Court has "made clear" that prisoners are guaranteed "no particular methodology, but rather the conferral of a capability -- the capability of bringing contemplated challenges."  *Phillips*, 588 F.3d at 655.  Moreover, *Bounds* requires only that jail or prison officials provide resources adequate to "meet minimum constitutional standards sufficient to provide meaningful, though perhaps not 'ideal,' access to the courts."  *Id.* at 656 (citing *Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 856 (9th Cir. 1985)).

Here, to the extent that plaintiff may be purporting to raise a claim for denial of access to the courts, the SAC fails to allege that any action by any defendant caused an "actual injury."  In his SAC, plaintiff now alleges that as a result of Velasquez' "negligence" in "providing legal assistance," a federal civil rights case was "dismissed."  Plaintiff, however, alleges that he was able to "refile" that action. (SAC at 20.)  Accordingly, plaintiff's SAC does not allege that the acts or omissions of any defendant resulted in the loss of a "nonfrivolous" civil rights claim.  As the Ninth Circuit has held, jail officials are not constitutionally compelled to provide "ideal" access to the courts, and plaintiff's allegations of

limited access to phones, law libraries, and legal materials are insufficient to satisfy the "actual injury" requirement.  Accordingly, plaintiff's SAC again fails to set forth factual allegations that he suffered "actual prejudice to contemplated or existing litigation, such as "the inability to meet a filing deadline or to present a claim." *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011).

**C.**   **The factual allegations in the SAC remain insufficient to state any claim for retaliation.**

An action taken in retaliation for the exercise of a First Amendment right is actionable under § 1983.  *See Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).  Filing a grievance with prison officials is a protected activity under the First Amendment.  *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009); *Hines*, 108 F.3d at 267-68.  As the Ninth Circuit set forth in *Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012) (alterations and emphasis in original), a prisoner's retaliation claim has five elements:

> First, the plaintiff must allege that the retaliated-against conduct is protected.  The filing of an inmate grievance is protected conduct.  *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).  Second, the plaintiff must claim the defendant took adverse action against the plaintiff.  *Id.* at 567.  The adverse action need not be an independent constitutional violation.  *Pratt*, 65 F.3d at 806.  "[T]he mere threat of harm can be an adverse action …" *Brodheim*, 584 F.3d at 1270.  [¶]  Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct.  Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal.  *See Pratt*, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); *Murphy v. Lane*, 833 F.2d 106, 108-09 (7th Cir. 1987).  [¶]  Fourth, the plaintiff must

allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Robinson*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. *Id.* at 569.
[¶]    Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution …" *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, *id.*, or that they were "unnecessary to the maintenance of order in the institution," *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984).

Here, plaintiff's SAC sets forth a long list of adverse incidents that took place over the course of several months and involved numerous defendants. Plaintiff also alleges that he filed approximately 42 administrative grievances against many Los Angeles County Sheriff Department officials complaining about the adverse incidents. These factual allegations, however, fail to plausibly suggest a causal connection between any specific adverse action taken by any specific defendant and plaintiff's protected conduct. Plaintiff's "mere speculation that defendants acted out of retaliation is not sufficient" to prevail on a First Amendment retaliation claim. *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014). Accordingly, the Court finds that plaintiff's SAC fails to plead sufficient facts to support a reasonable inference that defendants took the alleged adverse actions against plaintiff *because of* the administrative greivances that plaintiff filed.

***********

If plaintiff still desires to pursue this action, he is ORDERED to file a Third Amended Complaint no later than April 29, 2016, remedying the pleading deficiencies discussed above. The Third Amended Complaint should bear the docket number assigned in this case; be labeled "Third Amended Complaint"; and be complete in and of itself without reference to the original complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize.  Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a Third Amended Complaint.

**Plaintiff is further admonished that, if he fails to timely file a Third Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).  The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED.**

DATED:  March 21, 2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE