1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11

BURT ANTHONY LOOKADOO,

Case No. CV 15-04016 AG (AFM)

12

Plaintiff,

**ORDER DISMISSING THIRD AMENDED COMPLAINT WITH LEAVE TO AMEND**

13

v.

14

15

LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, et al.,

16

Defendants.

17

18

On May 28, 2015, plaintiff filed a *pro se* civil rights action pursuant to 42

19

U.S.C. § 1983. Plaintiff subsequently was granted leave to proceed without

20

prepayment of the full filing fee.[1] On September 1, 2015, defendant Los Angeles

21

County Sheriff's Department ("LACSD") filed a Motion to Dismiss ("Motion")

22

pursuant to Fed. R. Civ. P. 12(b)(6). Rather than filing opposition to the Motion,

23

on October 8, 2015, plaintiff sought leave of Court to file an amended complaint.

24

On October 16, 2015, the Court granted plaintiff's request, denied defendant's

25

Motion as moot, and ordered plaintiff to file a first amended complaint within thirty

26

27

28

---

[1]   By Order of the Chief Magistrate Judge, this case was transferred to the calendar of the below Magistrate Judge on July 20, 2015.

days. Following an extension of time, plaintiff filed a First Amended Complaint ("FAC") on February 1, 2016. (ECF No. 23.)

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court screened the FAC prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The FAC named 26 defendants, including the LACSD and Sheriff McDonnell. After careful consideration of the FAC, the Court found that plaintiff's allegations appeared insufficient to state any federal civil rights claim on which relief may be granted. Plaintiff was advised that: (1) the allegations in the FAC failed to comply with Federal Rules of Civil Procedure 8 because each "claim" included numerous legal grounds as well as factual allegations pertaining to unrelated incidents, and it would be extremely difficult for each defendant to discern what specific facts or legal theories applied to which potential claim or claims against them; (2) the FAC failed to state a claim against the LACSD or defendants in their official capacities because plaintiff did not allege that any policy, custom, or practice caused his civil rights violations; (3) plaintiff could not hold Sheriff McDonnell or any other defendant liable solely as a supervisor; and (4) the allegations were insufficient to state a claim for a violation of plaintiff's right of access to the courts or for retaliation. Plaintiff was instructed, if he wished to pursue his claims, to set forth a short and simple statement of the actions each defendant was alleged to have taken that caused each civil rights violation.

Accordingly, the FAC was dismissed with leave to amend, and plaintiff was ordered, if he wished to pursue this action, to file a Second Amended Complaint no later than March 7, 2016, remedying the deficiencies in the FAC. Further, plaintiff was admonished that, if he failed to timely file a Second Amended Complaint, or failed to remedy the deficiencies of the pleading as discussed in the Court's Order,

the Court would recommend that this action be dismissed without leave to amend and with prejudice.  (*See* ECF No. 24.)

On March 3, 2016, plaintiff filed a 48-page Second Amended Complaint ("SAC") (ECF No. 28) accompanied by 123 pages of exhibits (ECF No. 32).[2]  Once again, in accordance with the PLRA, the Court screened the SAC.  After careful consideration of the SAC, the Court found that plaintiff continued to set forth the similar claims against the same list of 26 defendants without having cured the deficiencies in his FAC as set forth in the Court's Order Dismissing First Amended Complaint.  However, because plaintiff is a prisoner proceeding *pro se*, the Court provided him an additional opportunity to cure the deficiencies of his claims by amendment.  Plaintiff once again was advised that:  (1) the allegations in the SAC again failed to comply with Rule 8 because each "claim" continued to include numerous legal grounds and factual allegations pertaining to unrelated incidents, and it would be extremely difficult for each defendant to discern what specific facts or legal theories applied to which potential claim or claims against them; (2) the SAC failed to state a claim against the LACSD or defendants in their official capacities because plaintiff did not allege that a specific policy, custom, or practice caused his civil rights violations; (3) plaintiff could not hold Sheriff McDonnell or any other defendant liable solely as a supervisor; and (4) the allegations were insufficient to state a claim for a violation of plaintiff's right of access to the courts or for retaliation.  Plaintiff was further advised that, in order to state a plausible claims for retaliation, he must set forth factual allegations suggesting a causal connection between a specific adverse action taken by a specific defendant and

---

[2]   The SAC also was accompanied by a "Motion to File Second Amended Complaint" (ECF No. 26) and a "Memorandum of Points and Authorities in Support" (ECF No. 30), which appeared to seek leave of Court to file the SAC.  In a separate Minute Order on March 9, 2016, the Court denied plaintiff's "motion" as moot because the Court's Order Dismissing First Amended Complaint With Leave to Amend allowed plaintiff to file an amended pleading.

plaintiff's protected conduct.  Further, plaintiff was instructed, if he wished to pursue his claims, to set forth a short and simple statement of the actions each defendant was alleged to have taken that caused each civil rights violation.

Accordingly, the SAC was dismissed with leave to amend, and plaintiff was ordered, if he wished to pursue this action, to file a Third Amended Complaint no later than April 29, 2016, remedying the deficiencies in the SAC.  Further, plaintiff was admonished that, if he failed to timely file a Third Amended Complaint, or failed to remedy the deficiencies of the pleading as discussed in the Court's Order, the Court would recommend that this action be dismissed without leave to amend and with prejudice.  (*See* ECF No. 34.)

On May 9, 2016, plaintiff filed a 28-page Third Amended Complaint ("TAC"), containing only two claims with 41 pages of exhibits.  (*See* ECF No. 36.)  In his TAC, plaintiff names the LACSD, LACSD Sheriff Jim McDonnell, LACSD Sergeants Lavey and Chase, and "Doe" defendants "5 through 26."  The individual defendants are named in their official as well as individual capacities.  (ECF No. 36 at 3-4.)  Plaintiff alleges that his constitutional rights have been violated as a "pre-trial detainee" at the Los Angeles County Jail.  (*Id.* at 5.)  He seeks damages.  (*Id.* at 27-28.)

On June 27, 2016, plaintiff filed a "Request for the [Court] to Intervene Due to Cruel and Unusual Punishment" ("Request").  (ECF No. 38).  Plaintiff does not specify what intervention he is seeking apart from asking the Court send to a new address at the Los Angeles County Jail any "reply, order, or notification" issued by the Court since plaintiff's TAC was filed.  (*Id.* at 5, 7.)  In addition, plaintiff sets forth factual allegations concerning a petition for writ of habeas corpus that he filed with the Superior Court "challenging the conditions of confinement at Los Angeles County Jail" and investigations that are pending with the American Civil Liberties Union and the Department of Justice.  (*Id.* at 2-3, 6.)  Plaintiff also alleges that he was placed (by unnamed officials) in High Observation Housing as a "suicidal

inmate" on June 2, 2016, in a "retaliatory motivated move." (*Id.* at 4.)  Because plaintiff is a prisoner proceeding *pro se* in this matter, the Court has considered the factual allegations in plaintiff's Request as if set forth in his TAC.  In addition, along with this Order, the Court will include a copy of the one Court order that was issued since plaintiff filed his TAC.

The Court's screening of the TAC under the foregoing statutes is governed by the following standards.  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons:  (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (in determining whether a complaint should be dismissed under the PLRA, courts apply the standard of Fed. R. Civ. P. 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff.  *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt.  *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  The Supreme Court has held, however, that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at

678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation"), *cert. denied*, 132 S. Ct. 2101 (2012).

After careful consideration of the TAC under the foregoing standards, the Court finds that plaintiff's allegations remain insufficient to state any federal civil rights claim on which relief may be granted and fail to give each defendant fair notice of what plaintiff's claims are or the factual and legal grounds upon which they rest.  Plaintiff has been provided with four opportunities to state a claim on which relief may be granted, and he has been apprised of the deficiencies in his claims in the Court's two detailed Orders dismissing each of the FAC and the SAC with leave to amend.  Plaintiff's TAC, however, fails to cure the deficiencies in his SAC as set forth in the Court's Order.  However, because plaintiff is a prisoner proceeding *pro se*, the Court will provide him with one final opportunity to cure the deficiencies of his federal civil rights claims by amendment.  Accordingly, the TAC is dismissed with leave to amend.  *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).  Certain of the critical legal principles that guide the Court's review have been highlighted in the discussion below.

**If plaintiff still desires to pursue this action, he is ORDERED to file a Fourth Amended Complaint no later than August 31, 2016, remedying the deficiencies discussed below.**  Further, plaintiff is admonished that, if he fails to

timely file a Fourth Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[3]

**A.** **The allegations of the TAC once again fail to comply with the pleading requirements of Federal Rule of Civil Procedure 8.**

Plaintiff's TAC still fails to comply with Federal Rules of Civil Procedure 8(a) and 8(d). Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court must construe a *pro se* plaintiff's pleadings liberally, ***a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.*** *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193,

---

[3] Plaintiff is advised that this Court's determination herein that the allegations in the Third Amended Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your Third Amended Complaint, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a Fourth Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them).  If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8.  *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).   A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages.  *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014).   Failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit.  *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

First, as the Court has previously advised plaintiff, irrespective of his *pro se* status, plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California.  *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"); L.R. 1-3. **Pursuant to Fed. R. Civ. P. 10, the caption of a complaint must include all defendants listed in the body of the pleading.**  Here, the caption of plaintiff's TAC still names as defendant only the Los Angeles County Sheriff's Department.  The body of the SAC, however, names multiple defendants.  (ECF No. 36 at 3-4.)  In addition, plaintiff appears to be in violation of Local Rule 19-1, which prohibits naming more than ten "Doe" parties.  (*Id.* at 4.)  Further, "[e]very amended pleading filed … shall be complete including exhibits.  The amended pleading shall not refer to the prior, superseded pleading." (L.R. 15-2).  Accordingly, if plaintiff desires to pursue any claims, he should set forth all of the factual allegations that he

1    wishes to raise in this action in one amended pleading and not in separate

2    documents.

3        Second, plaintiff appears to be raising his claims on behalf of "a class of pre-

4    trial detainees" who have been subjected to, and injured by, unspecified conditions

5    at the Los Angeles County Jail.  (ECF No. 36 at 6, 24.)  *As a pro se litigant,*

6    *however, plaintiff does not have standing to vicariously assert the constitutional*

7    *claims of any other person.*  *See Johns v. County of San Diego*, 114 F.3d 874, 876

8    (9th Cir. 1997); *United States v. Mitchell*, 915 F.2d 521, 526 n.8 (9th Cir. 1990)

9    (*pro se* litigant does not have standing to raise the claims of other persons whose

10   rights may have been violated).

11       *Next, although plaintiff's TAC now purports to raise only two claims, he*

12   *still continues to reference numerous legal theories within each claim.  Further,*

13   *he purports to raise each claim against all defendants, but he fails to set forth*

14   *factual allegations pertaining to each defendant.*  In his "Claim 1," plaintiff

15   appears to raise claims pursuant to the First, Fourth, Fifth, and Fourteenth

16   Amendments.  (ECF No. 36 at 5, 20.)  Plaintiff alleges that unspecified LACSD

17   Deputies "collectively retaliated against plaintiff for filing inmate grievences [sic]

18   against defendants."  (*Id.* at 5.)  But plaintiff also alleges within this "Claim 1" that

19   the LACSD has "various policies, practices and customs which subjected the

20   plaintiff to the deprivation of his constitutional rights" (*id.* at 20); and that the

21   defendants violated his Fourth and Fourteenth Amendment rights to be free of

22   retaliatory cell searches, his right to be free from the use of excessive force, his

23   right to be free from conditions of confinement causing punishment, his

24   "Fourteenth Amendment right to freedom from pre-conviction punishment without

25   due process of law," and his "liberty interest" in "treatment with respect to safety,

26   health, well-being and security of all pre-trial detainees" (*id.* at 24).  Plaintiff

27   alleges that the claims in the TAC arise from incidents that occurred between

28   December 27, 2013, and May 28, 2015 (*id.* at 3), and that he filed approximately 40

inmate grievance during that period (*id.* at 7-9).  Plaintiff also alleges in his "Claim 1" that:  defendants violated state and county policies in searching his cell while he was not present (*id.* at 10-11); "criminal threats of an assault" were made against plaintiff by defendants (*id.* at 12); numerous grievances were not "processed" or investigated (*id.* at 13-16); a "Doe" defendant deputy assaulted plaintiff on February 17, 2015, and threw plaintiff's food and legal property on the floor (*id.* at 16); and plaintiff was "forced" to move into "solitary confinement" based on a "false report" (*id.* at 19).

Similarly, in his "Second Cause of Action," plaintiff purports to allege a claim pursuant to *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978), against all defendants arising from "an official policy and custom of permitting the occurrence of the type of wrongs set forth above."  (ECF No. 36 at 25.)  In addition, in his Second Cause of Action plaintiff incorporates "each and every allegation" contained in the preceding paragraphs.  Accordingly, it would be difficult for defendants to determine which factual allegation pertained to which claim against which defendant.  Further, plaintiff again alleges violations of the First, Fourth, Fifth, and Fourteenth Amendments, retaliation, cruel and unusual punishment, failure to investigate unspecified "misconduct," and deliberate indifference to training, all within this one "cause of action."  (*Id.* at 25-26.)  It appears that some of plaintiff's factual allegations – such as his allegation that he was "assaulted" by a deputy (*id.* at 15), or that he was hit with "fists" (*id.* at 16) – may be sufficient to state a claim for the excessive use of force under the Fourteenth Amendment.  *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) ("We have said that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." (internal quotation marks omitted)).  ***To the extent that plaintiff is purporting to allege that the use of force by a specific defendant was objectively unreasonable on a specific occasion, he***

1  ***should set forth a short and plain statement of each such claim and identify***
2  ***which defendant caused the constitutional injury.***

3          Additionally, in both its Order Dismissing the FAC and Order Dismissing the
4  SAC, the Court advised plaintiff that, ***although he need not set forth detailed***
5  ***factual allegations, he must plead "factual content that allows the court to draw***
6  ***the reasonable inference that the defendant is liable for the misconduct alleged."***
7  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555-56).  Further, plaintiff
8  was admonished that his prior pleadings failed to set forth factual allegations
9  sufficient to raise a reasonable inference that any specific defendant was liable for
10 any specific misconduct.   However, plaintiff's factual allegations in the TAC
11 remain insufficient to state a claim arising from his allegation that adverse actions
12 were taken against him in retaliation for generally filing inmate grievances.  (*See*
13 ECF No. 36 at 5, 17-18, 25-26; ECF No. 38 at 4.)  An action taken in retaliation for
14 the exercise of a First Amendment right is actionable.  *See Hines v. Gomez*, 108
15 F.3d 265, 267 (9th Cir. 1997); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).
16 Further, filing a grievance with prison officials is a protected activity under the First
17 Amendment.   *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).
18 Plaintiff's TAC, however, appears to raise allegations of numerous adverse
19 incidents that took place over more than a year, in response to which he filed
20 approximately 40 administrative grievances.  These allegations are insufficient to
21 plausibly suggest a causal connection between plaintiff's protected conduct and any
22 specific adverse action taken by a specific defendant.  As the Court previously
23 advised him, plaintiff's ***"mere speculation" that a large number of defendants***
24 ***acted out of a retaliatory motive is insufficient to state a plausible claim for relief.***
25 *See, e.g., Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014).  Accordingly, the
26 Court finds that plaintiff's TAC once again fails to plead sufficient facts to support
27 a reasonable inference that a specific defendant took an alleged adverse action
28 against plaintiff **because** plaintiff had filed an administrative grievance.

In addition, plaintiff once again appears to be seeking to hold Sheriff McDonnell, Sgt. Lavey, and Sgt. Chase liable based on their supervisory roles. Yet, as the Court has previously advised plaintiff, *the Supreme Court has emphasized that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."* *Iqbal*, 556 U.S. at 676; *see also Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  Rather, plaintiff must allege that each named defendant "through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676-77 ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct").  In his TAC, plaintiff once again fails to set forth a short and plain statement of the actions that he alleges that any named defendant took that violated a federal constitutional right.

Further, to the extent that plaintiff is purporting to hold Sheriff McDonnell or any other supervisory defendant liable based on plaintiff's allegations that defendants were acting pursuant to "policies, practices and customs which subjected the plaintiff to the deprivation of his constitutional rights," *plaintiff only lists extremely general "policies" such as maintaining "overcrowded, understaffed" facilities.  (ECF No. 36 at 20.)  Such allegations remain entirely insufficient to show that any specific policy or custom of the LACSD was the "actionable cause" of an alleged constitutional violation.*  *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation.").  If plaintiff wishes to allege a claim against any defendant in his or her official capacity, plaintiff should set forth a short and plain statement of what injury plaintiff alleges was directly caused by execution of a specific policy or custom of the LACSD.  *See, e.g., Nadell v. Las Vegas Metro. Police Dep't*, 268 F.3d 924, 929

(9th Cir. 2001) ("Municipal liability is only appropriate where a plaintiff has shown that a constitutional deprivation was directly caused by a municipal policy.").

Additionally, to the extent that plaintiff is purporting to allege that a "Doe" defendant threatened him with assault (ECF No. 36 at 12) or threatened him with injury if he didn't drop his complaints (*id*. at 19), ***allegations of threats or verbal harassment alone are insufficient to give rise to a federal civil rights claim.*** *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998) (verbal harassment is not cognizable as a constitutional deprivation under §1983); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment or abuse is not constitutional deprivation under § 1983); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (prison guards' threat of bodily harm failed to state a claim under §1983).

Similarly, to the extent that plaintiff is purporting to raise a separate claim from his factual allegations concerning the conditions of his confinement – such as that he was left in a filthy shower for 2 ½ hours (ECF No. 36 at 13) or in a small cage with no bathroom facility for an extra 2 ½ hours (*id*. at 15) – ***plaintiff does not allege that any such conditions caused severe or prolonged hardship.*** *See Bell v. Wolfish*, 441 U.S. 520, 542 (1979) (explaining that "questions under the Due Process Clause as to whether those conditions amounted to punishment" may arise if the conditions cause "genuine privations and hardship over an extended period of time"); *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (because plaintiff was a pretrial detainee and "had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment"). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). However, "[t[he circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a

constitutional violation has occurred.  'The more basic the need, the shorter the time it can be withheld.'" *Id.; see also Anderson v. County of Kern*, 45 F.3d 1310, 1314, as amended, 75 F.3d 448 (9th Cir. 1995) ("[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.").  If plaintiff sets forth a short and plain statement of his claim arising from an alleged deprivation of running water for sixteen days (ECF No 36 at 12) or that he was held in a filthy cell for ten days without a shower (ECF No. 38 at 4-5), he may be able to state a claim under the Fourteenth Amendment against the defendant or defendants he alleges caused such violations.

Finally, it appears that plaintiff may be purporting to raise a civil rights claim or claims based on allegations that defendants failed to answer or investigate the numerous inmate grievances that he filed.  As the Court has previously apprised plaintiff, ***a prisoner or detainee has no constitutional right to an effective grievance or appeal procedure.*** *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). In addition, the guarantee of procedural due process under the Fourteenth Amendment applies only when a constitutionally protected liberty or property interest is at stake.  *See Ingraham v. Wright*, 430 U.S. 651, 672 (1977); *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).  An administrative appeal system does not implicate a liberty interest protected by the Due Process Clause.  *See, e.g., Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  Here, plaintiff fails to set forth a short and plain statement alleging that any defendant knew that his or her failure to adequately resolve plaintiff's grievances placed plaintiff at any risk.  *See, e.g., Peralta v. Dillard*, 744 F.3d 1076, 1087 (9th Cir. 2014) (en banc) (defendant's "failure to follow required procedure for inmate appeals "isn't, of itself, enough to establish a violation of [prisoner's] constitutional rights," the prisoner must show both that the failure "put inmates at risk" and that the defendant "actually knew that

his actions put inmates at risk" (emphasis in original)), *cert. denied*, 135 S. Ct. 946 (2015).

For these reasons, it remains altogether unclear to the Court the number of individual federal civil rights claims that plaintiff is purporting to raise, which defendants he is seeking to raise which federal civil rights claims against, and what the legal and factual basis of each of plaintiff's federal civil rights claims may be. Accordingly, the TAC once again fails to meet the minimal requirement that a complaint allow defendants to discern "what [they] are being sued for." *McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the TAC liberally and must afford him the benefit of any doubt. *See Karim-Panahi*, 839 F.2d at 623. That said, the Supreme Court has made it clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("courts should not have to serve as advocates for *pro se* litigants").

In this case, plaintiff's TAC fails to set forth a factual basis — on a claim-by-claim level — that is sufficient to give fair notice to each of the defendants under each claim as to how he or she is alleged to have taken an affirmative act, participated in another's act, or omitted to perform an act that he or she was legally required to do that caused each of the civil rights claims that plaintiff is purporting to raise. As the Ninth Circuit has emphasized, in making a determination of whether a pleading's allegations are sufficient to state a claim, ***the factual allegations, assumed to be true, "must plausibly suggest an entitlement to relief, such that it not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."*** *Starr*, 652 F.3d at 1216. Here, plaintiff's factual allegations concern 3 named and 21 "Doe" defendants, approximately 40 grievances, and numerous adverse actions by largely unidentified officials that are

alleged to have taken place between December 2013 and June 2015. Because plaintiff fails to clearly and plausibly allege a causal relationship between specific grievances and the alleged adverse actions of specific defendants on a claim-by-claim basis, it would be unfair to require the defendants to comb through the 28-page TAC and the accompanying 41 pages of exhibits to discern what specific facts or legal theories apply to which potential claim or claims against them.

As the Court has previously advised plaintiff, even if the Court construes the TAC as raising only a claim of retaliation, plaintiff's general allegations that defendants "collectively retaliated against plaintiff for filing inmate grievances" (ECF No. 36 at 5), or that the defendants acted with the intent to chill and silence plaintiff from filing grievances against defendants (*id.* at 7), are insufficient to raise a reasonable inference that any specific defendant took an adverse action **because of** the numerous inmate grievances that plaintiff filed. ***Facts that are "merely consistent with a defendant's liability" stop short of stating a plausible claim. Iqbal, 556 U.S. at 678 (internal quotation marks omitted).***

The Court also is mindful that plaintiff's TAC should not be dismissed for stating an imperfect statement of the legal theory supporting each claim. *Johnson*, 135 S. Ct. at 347. However, ***because plaintiff continues to combine multiple legal theories within each "claim," and he appears to raise his claims against all defendants, it is impossible for the Court to draw a reasonable inference that a specific defendant is liable for any alleged misconduct.*** *See Iqbal*, 556 U.S. at 678. Although some of plaintiff's factual allegations may be sufficient to state a civil rights claim against a limited number of defendants, plaintiff's repeated failure to state "simply, concisely, and directly events" that he alleges **caused** a specific injury on a claim-by-claim basis, *see Johnson*, 135 S. Ct. at 347, prevent the Court from inferring more than "the mere possibility of misconduct," *Iqbal*, 556 U.S. at 679.

16

Accordingly, after making another diligent attempt to understand plaintiff's factual allegations to determine if they plausibly suggest that a specific defendant violated an identifiable federal constitutional right, the Court finds that plaintiff's TAC still does not comply with Rule 8 because:  (a) it does not contain a "short and plain statement" of plaintiff's individual claims showing that he is entitled to relief, and (b) its allegations remain insufficient to meet plaintiff's threshold requirement of providing each defendant with fair notice of his or her allegedly wrongful acts.

*************

If plaintiff still desires to pursue this action, he is ORDERED to file a Fourth Amended Complaint no later than August 31, 2016, remedying the pleading deficiencies discussed above. The Fourth Amended Complaint should bear the docket number assigned in this case; be labeled "Fourth Amended Complaint"; and be complete in and of itself without reference to the original complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize.  Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a Third Amended Complaint.

**Plaintiff is further admonished that, if he fails to timely file a Fourth Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure

///

///

17

41(a).  The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED.**

DATED:  July 26, 2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE